UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YON RENÉ WOODSON AWOONOOR RENNER,

                Petitioner,

    -against-

CARL E. DuBOIS,

                Respondent.

1:19-CV-10271 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Petitioner, who appears *pro se*, filed her petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 while she was held in the Orange County Jail. In her petition, Petitioner challenges her pretrial detention arising from criminal proceedings that were pending against her in multiple New York courts at the time that she filed the petition. She also challenges her custody under an unspecified detainer. On January 6, 2020, the Court granted Petitioner's application to proceed *in forma pauperis*. For the reasons discussed below, the Court denies the petition without prejudice.

## STANDARD OF REVIEW

    The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of her detention on the ground that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)

(internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "'from compliance with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner asserts that she is challenging her pretrial detention arising from criminal proceedings pending against her in the Walkill Town Court, Goshen Town Court, and the City Court of Port Jervis. She also challenges an unspecified detainer.[1] She alleges that on October 4, 2019, she filed a petition for a writ of *habeas corpus* in the New York Supreme Court, Orange County, which denied that petition six days later. She checks the boxes in her § 2241 form petition to show that she appealed on the grounds that she asserted in her state-court *habeas corpus* petition. (ECF 2, at 6-8.) But she also seems to assert that she did so in the New York Supreme Court, Orange County – the same court in which she filed her state-court *habeas corpus* petition. (*Id.*)

The Court has learned that Petitioner is no longer in custody in the Orange County Jail. The Court has also learned that she is not in custody in any other correctional facility within the State of New York, including any facility operated by the New York State Department of Corrections and Community Supervision, or serving a state term of parole or postrelease supervision.

---

[1] This detainer may be associated with one of Petitioner's pending state-court criminal proceedings.

## DISCUSSION

Under 28 U.S.C. § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner in state custody generally must challenge her confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under § 2241 to a state pretrial detainee challenging her custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking § 2241 *habeas corpus* relief, a state pretrial detainee must first exhaust her available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

Petitioner alleges that she filed a state-court *habeas corpus* petition that was denied by the New York Supreme Court, Orange County. She fails to show that she appealed that denial all the way up to the New York Court of Appeals. Rather, Petitioner seems to assert that she appealed by merely filing her state-court *habeas corpus* petition in the New York Supreme Court, Orange County. Because Petitioner does not show that she exhausted her available state-

court remedies before filing her § 2241 petition in this Court, the Court denies this § 2241 petition without prejudice.[2]

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket.

The Court denies the petition for a writ of *habeas corpus* without prejudice.[3]

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 10, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Because it appears that Petitioner was released from custody after she filed her petition, the petition may be moot as well. *See Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [the petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented.") (emphasis in original).

[3] District courts generally grant a *pro se* litigant an opportunity to amend an initial pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the petition cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend.